**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICKEY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV2221 SPM |
| | ) | |
| M. RING, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff, a civil detainee at the Sexual Offender Rehabilitation and Treatment Services ("SORTS") center in Farmington, Missouri, for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of jurisdiction.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

**The Complaint**

-2-

Plaintiff, a civil detainee at SORTS in Farmington, Missouri, brings this action against M. Ring, an unidentified defendant.  Plaintiff requests that he be allowed to see his brother before his brother dies of cancer.  Plaintiff claims that he has made his request to "her" but "she" has denied it.

## Discussion

At the outset, the Court notes that plaintiff has failed to state the jurisdictional grounds for filing this action in federal court.  Although plaintiff does not so state, the Court assumes that the actions described in the complaint have been taken by the defendant, M. Ring.   Regardless, plaintiff does not set forth any laws or constitutionally-protected rights that the unidentified defendant, M. Ring, allegedly has violated.  See 28 U.S.C. § 1331.[1]

Moreover, there is no indication that subject matter jurisdiction exists under 28 U.S.C. § 1332.  Plaintiff has not properly alleged that he and the defendant are citizens of different states or that the amount in controversy exceeds $75,000[2].  As such, the case

---

[1]Even assuming that the unidentified defendant M. Ring is a state actor and plaintiff is suing defendant Ring under 42 U.S.C. § 1983, plaintiff has not alleged the essential elements of such a claim under § 1983: (1) that the defendant acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009).  As such, even if this Court had subject matter jurisdiction over the present action, the matter would still be subject to dismissal for failure to state a claim.  See 28 U.S.C. § 1915(e)(2)(B).

[2]Plaintiff merely states in a conclusory manner that he believes he is entitled to recover actual and punitive damages in excess of $1million dollars.

will be dismissed for lack of subject matter jurisdiction.  In the alternative, this case is subject to dismissal for failure to state a claim upon which relief can be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because this Court lacks jurisdiction over this matter.  <u>See</u> Fed.R.Civ.P. 12(h)(3).

**IT IS FURTHER ORDERED** that even if the Court did have jurisdiction over this matter, the Clerk shall not issue process on this complaint because it fails to state a claim upon which relief can be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>4th</u> day of December, 2013.


<u>/s/Jean C. Hamilton</u>
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE